IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CRIMINAL NUMBER 1:22-CR-00372 |
| | § | |
| SHELLY VARNEY | § | |

## SHELLY VARNEY'S SENTENCING MEMORANDUM

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW COMES Defendant Shelly Varney ("Varney") to file this Sentencing Memorandum to assist this Court in determining Mrs. Varney's appropriate sentence, and respectfully shows this Honorable Court as follows:

### I. Introduction

The advisory sentencing range calculated under the United States Sentencing Guidelines ("Guidelines") recommends placing Varney in prison for a total term of 0 - 6 months for a violation of 18 U.S.C. § 641 (Theft of Government Property) and violation of 18 U.S.C. § 1752(a)(1) (Entering and Remaining in a Restricted Building or Grounds).

### II. Sentencing Procedure and Considerations

As this Court is aware, the Guidelines are no longer mandatory. *See United States v. Booker*, 543 U.S. 220, 260-61 (2005). Subsequent Supreme Court decisions have significantly broadened the range of sentencing choices dictated by the specific facts of a case[1] and authorize a district court to freely make its own reasonable application of the § 3553(a) factors, and after due

---

[1] *See e.g., Gall v. United States*, 552 U.S. 38 (2007); *Kimbrough v. United States*, 552 U.S. 85 (2007); *Rita v. United States*, 551 U.S. 338 (2007); *Cunningham v. California*, 549 U.S. 270 (2007).

consideration, decline to impose a sentence based on the guidelines. *See Kimbrough*, 552 U.S. at 113 (Scalia, J., concurring). Moreover, in determining a sentence, district courts are free to consider any and all evidence concerning a defendant. *See* 18 U.S.C. § 3661. Overall, 18 U.S.C. § 3553(a) requires courts to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in" 3553(a)(2).

### III.  Analysis of Relevant 18 U.S.C. § 3553(a) Factors

#### A.  Nature and Circumstances of the Offense

Varney plead guilty to her role in violating 18 U.S.C. § 641 (Theft of Government Property), and violation of 18 U.S.C. § 1752(a)(1) (Entering and Remaining in a Restricted Building or Grounds). Both are misdemeanor offenses. In short, on January 6, 2021, Mrs. Varney entered the capitol building to look for her husband who, at the time of this filing, has been sentenced for his actions that day. Mrs. Varney was not charged with, nor is it alleged that she assaulted anyone or committed any acts of physical violence during the commission of these offenses. While this is not to make light of Mrs. Varney's actions, it is still an important distinction to raise when this court considers what punishment would be appropriate given the other sentences handed out in similar cases to similarly situated defendants.

#### B.  History and Characteristics Relevant to Sentencing

Mrs. Varney was born on November 15, 1976, in St. Louis, Missouri and was raised by both parents. Mrs. Varney eventually broke all contact with her father as he was abusive to her while growing up, but still maintains a positive relationship with her mother. Mrs. Varney has been married to her husband since 2013 and they have had two children together, along with a son that

she has from a previous relationship. Mrs. Varney has the support of her community and loved ones as evidenced by numerous character letters written on her behalf. *See* (Exhibit "A").

Mrs. Varney is not a hardened criminal, but rather an otherwise law-abiding, hard-working citizen who made a poor choice in her actions on January 6, 2021. While the 2020 presidential election caused a societal disturbance and uprising within the United States, Mrs. Varney realizes that she could have remained outside of the Capitol and not gone in to look for her husband. Mrs. Varney spent a total of twenty (20) minutes inside the Capitol, remaining in the Rotunda during that time trying to locate her husband. When she could not locate him, she returned outside. Her background shows that this was poor judgement on her part, and she has the ability and desire to lead a full, productive, and promising life.

Mrs. Varney does take responsibility for the burning of the flag that her husband took from the Capitol. While Mrs. Varney did not take part in the taking of the American flag from the Capitol, she did admit that she was so angry that it had come to her house, that she then burned it after researching the appropriate way to dispose of the American Flag. Mrs. Varney, during her debrief, provided this information that was unknown to Agents at the time of debriefing, thus providing them a wholly forthcoming and factual account of the role that she played. It is important to note that Mrs. Varney did not burn the flag in an attempt to obstruct justice. Had that been the case, she would not have freely given that unknown information to the Government. Instead, as stated above, Mrs. Varney was mortified and embarrassed by her husband's abhorrent actions and did not want the stolen flag in her home. Actually, Mrs. Varney separated from her husband for approximately six (6) months after the January 6th incident as she was so disgusted with her

husband's actions that day and subsequent theft of the American Flag.

## C.  The Need for the Sentence Imposed

### 1.  To Reflect the Seriousness of the Offense, to Promote Respect for the Law, and to Provide Just Punishment for the Offense

Mrs. Varney understands that she has been convicted of a crime and she should be punished accordingly with a sentence that promotes respect for the law and provides just punishment. "Respect for the law is promoted by punishments that are fair, however, not those that simply punish for punishment's sake." *United States v. Stern*, 590 F. Supp.2d 945, 956-57 (N.D. Ohio 2008). "[A] sentence of [lengthy] imprisonment may work to promote not respect, but derision, of the law if the law is viewed as merely a means to dispense harsh punishment without taking into account the real conduct and circumstances involved in sentencing." *Id*. (quoting *Gall*, 128 S. Ct. at 599).

A defendant who deserves leniency but is sentenced harshly does nothing to promote respect for the law. The same is true for a defendant who deserves a harsh punishment but receives a simple slap on the wrist. The sentence must be balanced, taking into consideration all of the sentencing factors. Consequently, a just punishment for Mrs. Varney is one that balances the severity of her crime with her individual characteristics.

Upon the Government's request, Mrs. Varney immediately debriefed with agents and gave a truthful and honest accounting of her activities that day. Both her and her husband immediately took accountability for their actions and agreed to plead guilty to misdemeanor offenses without the necessity of a case being litigated whatsoever. The plea agreements were agreed to and signed

prior to criminal complaints being filed. When taking these mitigating factors into consideration, along with the specific offense conduct of Mrs. Varney, a sentence of probation is just, reasonable, and would promote respect for the law.

Mrs. Varney's husband, Neil Ashcraft, was sentenced on March 8, 2023, by Judge Colleen Kollar-Kotelly and received eighty (80) days of imprisonment and thirty-six (36) months of supervised release for his actions that day. As such, any sentence of imprisonment of Mrs. Varney would create a sentencing disparity as her actions were substantially less involved than that of her husband.

**2. To Provide Adequate Deterrence to Criminal Conduct**

A probationary term is sufficient to deter both Mrs. Varney and others in the future. Even with a sentence of probation, this federal offense will forever be present on Mrs. Varney's background and will forever impact her ability to find a job, to being promoted within a corporation, and to volunteer and participate in community events with her children's school. She will pay a lifelong price for her decisions on that day, and a sentence of imprisonment is not necessary to deter future conduct of this type. It will also demonstrate to others that if one accepts responsibility for their actions and you abide by the rules while on Pretrial release you will receive the benefit of a reasonable sentence.

**3. Need to Protect the Public from Further Crimes by Varney**

Likewise, a term of probation will adequately protect the public. Mrs. Varney has no criminal history whatsoever. Since this incident, she has not picked up any additional charges. Mrs. Varney was released with personal recognizance bond conditions on December 1, 2022.

Since her release, Mrs. Varney has remained in full compliance with all requirements. This case represents aberrant behavior and is not at all consistent with who Mrs. Varney is as a person. There is nothing to indicate that, if granted probation, Mrs. Varney would pose a risk to anyone in the public.

### 4.  To Provide Needed Educational or Vocational Training, Medical Care, or Other Correctional Treatment in the Most Effective Manner

When determining a sentence to be imposed, another factor that can be considered by the Court is the cost of incarceration. *See e.g.*, *United States v. McFarlin*, 535 F.3d 808, 810-11 (8th Cir. 2008) (defendant convicted of conspiracy to distribute crack cocaine, with guideline range of 97 to 121 months, sentenced to home detention and probation for three years; court noted that home detention is "equally efficient and less costly than incarceration" and that § 3553(a)(2)(D) allows courts to "consider the need for medical care when determining a sentence."); *United States v. Angelos*, 345 F. Supp. 2d 1227 (D. Utah 2004) (cost of mandatory 61-year-sentence runs to $1,265,000, money that could otherwise be spent on other law enforcement or social programs to reduce crime); *United States v. Hughes*, 825 F. Supp. 866 (D. Minn. 1993) (court noting that "the non-rehabilitation purposes of incarceration-retribution, deterrence and incapacitation would all be more than adequately served by a far shorter sentence. Both society and the defendant will pay a dear cost for this sentence and receive very little in return."). Mrs. Varney holds an associate's degree in business management. She has remained gainfully employed throughout the pendency of this case and looks forward to continuing her career once on probation to support her family. Mrs. Varney does not require any specialized training or correctional treatment to continue to be a productive, and law-abiding citizen. Indeed, a custodial sentence (even one of just 30 days) would

do more harm than good, as it would severely jeopardize Mrs. Varney's ability to keep her job and remain employed at her current position.

## V.  CONCLUSION

Mrs. Varney submits that a sentence of probation would be an appropriate exercise of the Court's sentencing discretion, and consistent with the principle of parsimony expressed in § 3553(a) - "sufficient, but not greater than necessary," to serve all the appropriate purposes and concerns which go into the fashioning of a fair and just sentence. A sentence of probation would be a "within guidelines" sentence and would not be considered a downward variance and would thus be per se reasonable under the current standards of sentencing. When viewing the totality of the circumstances surrounding this specific defendant, her quickness in accepting responsibility, her cooperation with the Government, and the complete lack of any risk factors that would make her likely to reoffend, a sentence of probation would be a fair, just, and reasonable punishment.

WHEREFORE, PREMISES CONSIDERED, Mrs. Varney prays that this Motion will be granted, that the Court sentence Mrs. Varney to a term of probation, and to grant all other relief the Court deems appropriate.

Respectfully submitted,

WHALEN LAW OFFICE

/s/ James P. Whalen
JAMES P. WHALEN
TX. STATE BAR NO. 00794837
9300 John Hickman Parkway, Suite 501
Frisco, Texas 75035
Telephone: (214) 368-2560
Facsimile: (972) 829-8654
jwhalen@whalenlawoffice.com

COUNSEL FOR DEFENDANT
SHELLY VARNEY

## CERTIFICATE OF SERVICE

On the 14th day of March 2023, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, District of Columbia, using the electronic case filing system of the court. I hereby certify that I have served the United States Probation Officer, and all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5 (b)(2).

/s/ James P. Whalen
JAMES P. WHALEN